UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80022-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**THOMAS DOUGHERTY** and
**JOHN PAUL GOSNEY, JR.**,

    Defendants.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION [ECF No. 762] ON GOVERNMENT'S MOTION TO PRECLUDE ADVICE OF COUNSEL DEFENSES OR ALTERNATIVELY TO DIRECT PROPER WAIVERS [ECF No. 589]**

    **THIS CAUSE** comes before the Court upon the Government's Motion to Preclude Evidence/Argument Related to Defendants' Advice-of-Counsel Defenses or Alternatively to Direct Proper Waivers (the "Motion") [ECF No. 589].[1] The Court referred the Motion to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 618]. Judge McCabe held three hearings on the Motion, one of which was held *ex parte* with Defendants Dougherty and Gosney and their counsel present [ECF Nos. 627, 733, 752]. On August 1, 2023, Judge McCabe issued a report recommending that the Motion be granted in part and denied in part (the "Report") [ECF No. 762]. Defendant Dougherty filed a Response to the Report [ECF No. 774], Defendant Gosney filed Objections to the Report [ECF No. 777], and the

---

[1] For purposes of this Order, the term "Defendants" refers to Defendants Dougherty and Gosney. There is one other remaining Defendant, Jose Goyos, who has chosen not to assert an advice-of-counsel defense [ECF No. 581].

Government filed a Response to Defendant Gosney's Objections [ECF No. 789]. Following review, the Report [ECF No. 762] is **ACCEPTED**.[2]

\*\*\*

The Report first concludes that "the waiver associated with the advice-of-counsel defense applies to the *subject matter* of the advice relied upon and not merely to the *specific attorney* relied upon" [ECF No. 762 p. 4 (emphasis in original)]. It is to this portion of the Report that Defendant Gosney objects. Specifically, Defendant Gosney argues that because he "waived privilege over *all* communications" with Attorneys Robyn Sztyndor and Keith Fousek, he has met his waiver burden and is not required to waive privilege as to communications with Attorneys Aaron Cohen or Paul Molle, adding that he "does not intend to rely on legal advice provided by either attorney at trial" [ECF No. 777 pp. 2–4]. The Government, in response, agrees with the Report that a subject matter waiver is proper because anything less would result in "fundamental unfairness," leading to a situation in which Defendant Gosney could waive privilege as to communications he believes are beneficial to his defense but shield from the Government's view communications with other attorneys on that same subject matter [ECF No. 789 p. 2].

On this point, the Court agrees with the Report. The Report's conclusion that assertion of the advice-of-counsel defense implies a subject matter waiver is in line with the limited authority

---

[2] The Report concludes that "[t]o the extent Daniel Carver, or any other Co-Defendant, claims privilege over any document subject to [the Report], the Court finds that such privilege must yield to Dougherty and Gosney's Sixth Amendment right to present a defense" [ECF No. 762 p. 8]. The Report further provides that "[t]o the extent Daniel Carver or any other Co-Defendant wishes to object to [the Report], they may do so in accordance with [the time period] below" [ECF No. 762 p. 9]. Neither Daniel Carver nor any other co-Defendant filed objections to the Report and the time to do so has elapsed [*See* ECF No. 762 p. 10].

2

applying this defense in the criminal context.³ *See United States v. Bachynsky*, No. 04-20250-CR, 2007 WL 1521499, at *2 (S.D. Fla. May 22, 2007) ("When a party asserts an advice of counsel defense, the party waives the attorney-client privilege as to the subject matter of that advice."); *see also United States v. Jensen*, 573 F. App'x 863 (11th Cir. 2014) ("By claiming that Mackey lacked intent to defraud because attorneys told him that Wealth Enhancement Club transactions were legal, Mackey waived the attorney-client privilege with respect to communications with counsel concerning its legality."). While the Court's prior Order required Defendants to notify of their intent to offer an advice of counsel defense by a date certain and also to identify the attorneys who provided such advice (and turn over associated communications), the Court did not limit or purport to rule on the subject-matter or attorney-specific nature of the waiver required to assert an advice of counsel defense.⁴ In any case, the Court's Order was not intended to supplant the principle of fairness that necessarily follows from the assertion of an advice-of-counsel defense. Defendants

---

³ Courts analyzing the advice-of-counsel defense in the civil context come to the same conclusion as to the application of a subject matter waiver. *See, e.g.*, *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir.), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994) ("The subject-matter waiver doctrine provides that a party who injects into the case an issue that in fairness requires an examination of communications otherwise protected by the attorney-client privilege loses that privilege."); *Akowskey v. Nationstar Mortg., LLC*, No. 21-14487-CIV, 2023 WL 112061, at *3 (S.D. Fla. Jan. 5, 2023) ("Having opened the door to certain privileged information in an effort to advance its cause, as a matter of fairness a party must disclose other privileged materials involving the subject matter of the disclosed communications." (internal quotation marks omitted)); *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) ("In determining the scope of the waiver, the overriding consideration is fairness, or avoiding prejudice to the opposing party. Therefore, in the interest of fairness, courts have been careful not to allow parties to introduce evidence of attorney-client communications favorable to the advice of counsel defense, while asserting the privilege with respect to communications that may be unfavorable to the defense." (internal citations omitted)).

⁴ [ECF No. 579 pp. 1–2 ("On or before June 5, 2023, each Defendant shall file a notice indicating whether he intends to rely on an advice of counsel defense at trial and shall: (1) identify the attorneys who purportedly provided such advice; and (2) waive privilege over and produce to the government, all communications he had with those attorneys.")].

3

are not permitted to use the defense as both a "sword and a shield" by waiving privilege over only favorable communications, while keeping any potentially unfavorable communications on the same subject matter shielded from the Government's view. *See Akowskey*, No. 21-14487-CIV, 2023 WL 112061, at *3. By choosing to assert an advice-of-counsel defense at trial [ECF No. 580 (Dougherty); ECF No. 582 Gosney)], Defendants must waive privilege over all communications involving the subject matter they intend to use as the basis for their defense, regardless of whether the communications come from the attorneys Defendants explicitly listed in their Notices or wish to select as witnesses.

Having concluded that a subject matter waiver is required as a condition of asserting an advice of counsel defense, the Report proceeds to review the documents over which Defendants Dougherty and Gosney continue to assert privilege to determine whether the documents fall within the subject matter forming the basis for Defendants' advice-of-counsel defense [ECF No. 762 pp. 5–8]. Here, the Report notes, the relevant subject matter is "Defendant's compliance with healthcare laws, rules, and regulations in the running of the business operations described in the Superseding Indictment" (the "Subject Matter") [ECF No. 762 p. 5].[5] After Defendants substantially narrowed the documents over which they continue to claim privilege, the Report determined that, of the 15 documents over which Dougherty claimed privilege, all but one fall within the Subject Matter [ECF No. 762 pp. 5–6 (identifying the relevant documents by Bates number)] and of the 6 documents Gosney claimed privilege over, three fall within the Subject Matter [ECF No. 762 pp. 7–8 (identifying the relevant documents by Bates number)]. Defendants otherwise agreed that "the remaining logged documents can be turned over to the Government and

---

[5] Neither Defendant objected to the Report's characterization of the subject matter underlying their advice-of-counsel defense [*See* ECF Nos. 774, 777].

to any Co-Defendants who have not yet had access to these documents due to privilege claims" [ECF No. 762 pp. 5, 7]. Neither Defendant challenged the Report's determination about which documents fall within the Subject Matter [*See* ECF Nos. 774, 777].

In fashioning a remedy, the Report observes that "Defendants cannot simultaneously maintain privilege over the [] documents and assert the advice-of-counsel defense at trial" [ECF No. 762 p. 9]. As such, the Report requires Defendants to choose between two options: either (A) maintain all current privilege objections and forego the use of the advice-of-counsel defense at trial; or (B) pursue the advice-of-counsel defense at trial and thereby waive the attorney-client privilege over all communications falling within the Subject Matter [ECF No. 762 pp. 9–10]. Both Defendants chose Option B [ECF No. 774 p. 1 (Dougherty); ECF No. 777 p. 6 (Gosney preserving threshold objection to scope of necessary waiver)]. Because, as noted above, the Court has accepted the Report's recommendation with regard to the application of a subject matter waiver, Defendants are deemed to have waived any remaining assertions of privilege over the documents identified by the Report as falling within the Subject Matter [ECF No. 762 pp. 5–8]. This subject matter waiver applies to all documents, communications, and information that fall within the Subject Matter, regardless of whether they are specifically identified in the Report or on the privilege logs previously submitted to the Filter Team.

In choosing Option B, Defendant Gosney asks for his counsel to be present at the Government's debriefing of Attorney Cohen so that Gosney's counsel can object to any privileged matters that may arise outside of the scope of the Subject Matter [ECF No. 777 p. 6]. Further, Defendant Gosney askes that any documents obtained from a subpoena issued by the Government to Attorneys Cohen and Molle first be provided to the Filter Team and to Gosney for an opportunity to object, before the documents are provided to the prosecution team for review [ECF No. 777

p. 6]. As noted in the Government's Response, the Government and Defendant Gosney have conferred and come to an agreement regarding these issues. Specifically, the Government has agreed to allow Defendant Gosney's criminal counsel to observe the Government's interview of Attorney Aaron Cohen and will inform counsel of the date and location of any such interview [ECF No. 789 p. 3]. While the Government notes that it does not intend to ask any questions outside of the Subject Matter, the Government "does not oppose defense counsel objecting to any questions that inadvertently seek information outside the scope of the waiver" [ECF No. 789 pp. 3–4]. With regard to subpoena returns, the parties have agreed that any returns will first be produced to the Filter Team and Defendant Gosney, after which Defendant Gosney will have two business days to complete a review of the return and identify any material he deems to be privileged and outside the scope of the Subject Matter [ECF No. 789 p. 4].[6] The Court agrees with the parties' proposed course of action in facilitating the subpoena returns and other trial preparation.

In light of the Court's conclusion that a subject matter waiver applies to Defendants' assertion of the advice-of-counsel defense and the Defendants' decision to continue to pursue the defense, the Government's Renewed Motion to Authorize Filter Team to Release Material Subject to the Crime-Fraud Exception [ECF No. 773] is **DENIED AS MOOT** [*See* ECF No. 773 p. 2 ("In the event the defendants assert the defense, and such material is released pursuant to the subject-matter waiver accompanying the assertion of the advice-of-counsel defense, this Motion would be moot."); ECF No. 774 p. 1 ("[A]s [Dougherty] has chosen Option B, the government's renewed crime-fraud exception is rendered 'moot' as to him."); ECF No. 793 p. 12 ("If the Court

---

[6] The parties have further agreed to meet and confer to establish a reasonable timeline for Defendant Gosney's review of the returns should any of the subpoena returns prove to be more voluminous than anticipated [ECF No. 789 p. 4].

adopts the [Report] over Gosney's objection, the government's motion . . . should be denied as moot.")].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 762] is **ACCEPTED**.

2. The Government's Motion to Preclude Evidence/Argument Related to Defendants' Advice-of-Counsel Defenses or Alternatively to Direct Proper Waivers [ECF No. 589] is **GRANTED IN PART AND DENIED IN PART**.

3. The Government shall be permitted to issue subpoenas with expedited return dates (within 7 days) to facilitate and streamline any further investigation of the advice of counsel defense.

4. The Government's Renewed Motion to Authorize Filter Team to Release Materials Subject to the Crime-Fraud Exception [ECF No. 773] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of August 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record